Continental and Commercial Trust & Savings Bank, Administrator, Appellant, v. A. M. Castle & Company, Appellee.

## Gen. No. 19,264.

MASTER AND SERVANT, § 764*—*when direction of verdict in action for death of servant proper.* In an action for the wrongful death of plaintiff's intestate caused by the negligent operation of a derrick, while deceased was employed as a helper and was assisting an employe who operated the derrick, *held* that a direction of a verdict for defendant was proper.

BROWN, J., dissenting.

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed May 4, 1913. Rehearing denied May 18, 1914.

VINCENT D. WYMAN, OTTO W. JUERGENS and CHARLES E. CARPENTER, for appellant.

MILLER, GORHAM & WALES, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the plaintiff, administrator of the estate of Reinholt Eisermann, from a judgment on a directed verdict for the defendant in an action for wrongfully causing the death of the decedent. Defendant had a shop in which iron beams were cut. The beams were stored in a yard in which defendant had a derrick which was used to raise a beam which was to be taken into the shop and swing it into position where

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

it could be pushed onto the rollers provided to carry the beam into the shop. Haak, an employe of defendant, operated the derrick and Eisermann was his helper. On the day of the accident Haak was directed by the superintendent of the shop to bring into the shop from the yard an iron "I" beam 26 feet long, weighing 21½ pounds to the foot. Haak and Eisermann went to the beam. Haak told Eisermann to put the clamps on the beam and he did so. By means of the clamps and a chain the beam was attached to the hook of the derrick and was raised by raising the hook by the use of compressed air. The orders of the superintendent were to fasten the clamps in the center of the beam. The custom was for the helper to put on the clamps as near to the center as he could without measuring and then to raise the beam a short distance and stop to see if the clamps were in their proper place. If the beam was nearly horizontal, one end not more than ten or fifteen pounds heavier than the other, the helper placed his hands on the light end and held it in a horizontal position as it was raised, but if one end was much heavier than the other, the beam was lowered and the clamps readjusted. On the day in question, Eisermann, as he had always done before, put on the clamps and fastened the beam to the hook of the derrick. Haak asked him if the beam was hooked right and Eisermann said it was. Haak then raised the beam two feet and saw that one end was heavier than the other, and stopped. He told Eisermann to put one hand on the light end. Eisermann did so and in answer to Haak's question said that it was all right. The beam had to be raised five feet, so that Eisermann could keep his hand on the light end until it was raised to a proper height and then assist to push it onto the rollers. When the beam had been raised to about the desired height it started to slide in the hooks, the ring which held the hook in place slipped up, the hook opened and the beam fell to the ground. The beam had slipped through the hooks five

to seven feet before it fell and Eisermann had followed it as it slid, keeping his hand on the light end of the beam. The beam fell on him and so injured him that he died from his injuries.

The only negligence alleged is the negligent operation of the derrick.

. The defendant offered no evidence. The testimony of the witnesses called by the plaintiff was that the derrick was operated in the usual manner. No negligent order is either averred or proved.

In the opinion of the majority of the court there is in the record no testimony from which, taken as true, and drawing from it the inferences most favorable to the plaintiff that can be reasonably drawn therefrom, the jury might properly find the defendant guilty of the negligence alleged in the declaration, and the court therefore properly directed a verdict for the defendant.

The judgment is affirmed.

*Affirmed.*

MR. JUSTICE BROWN, dissenting: I do not think the evidence justified an instructed verdict.